**Stephanale ADAMS, Plaintiff–Appellant,**

v.

**Pete VIDOR; Raymond Toombs, Defendants–Appellees.**

No. 00–1350.

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

Before KENNEDY, SILER, and CLAY, Circuit Judges.

Stephanale Adams, a Michigan prisoner proceeding pro se, appeals a district court judgment entered upon a jury's verdict in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Adams is an inmate at the Ionia Maximum Correctional Facility. His complaint alleges that the defendants violated his Eighth Amendment right against cruel and unusual punishment when he was held in top-of-bed restraints between February 9, 1998, and February 20, 1998, pursuant to Deputy Warden Vidor's orders. Adams alleges that Lieutenants William Ray, Jr. and Alan Visser violated his Eighth Amendment rights when they refused Adams's requests for release, breaks, etc. Adams sought monetary damages against the defendants in their individual capacities.

Under the liberal standard of Fed. R.Civ.P. 15(a), the district court granted Adams's motion for leave to add Warden Raymond Toombs as a defendant on Adams's Eighth Amendment claim that use of top-of-bed restraints violated Adams's right against cruel and unusual punishment.

Defendants Ray and Visser filed a motion for summary judgment on November 9, 1998. Defendant Vidor filed a motion for summary judgment on December 18, 1998. The matter was referred to a magistrate judge who issued a report recommending that summary judgment be granted for defendants Ray and Visser but that defendant Vidor's motion for summary judgment be denied as to Adams's Eighth Amendment claim concerning the use of top-of-bed restraints. The district court adopted the magistrate judge's report and recommendation, despite objections by Adams and Vidor.

Thereafter, defendant Toombs filed a motion for summary judgment. The district court determined that factual issues regarding the warden's direct and/or oversight role in the decision to keep Adams in top-of-bed restraints for approximately 12 days precluded summary judgment for defendant Toombs. However, the court granted defendant Toombs's motion for summary judgment insofar as Adams sought monetary damages against Toombs in his official capacity.

Ultimately, the case proceeded to a jury trial where Adams was represented by a court appointed attorney. The jury returned a verdict in favor of defendants Toombs and Vidor, and judgment was en-

tered accordingly. Adams's motion to set aside the verdict was denied in an order filed May 12, 2000. Adams's subsequent motion for a new trial was denied in a memorandum opinion and order filed also on May 12, 2000. Adams filed a timely notice of appeal. Although Adams was represented by counsel at trial, his counsel withdrew from representing him after his notice of appeal was filed.

On appeal, Adams essentially contends that: 1) the jury's verdict was against the weight of the evidence adduced at trial; 2) the trial court erroneously admitted into evidence Adams's 1994 assault conviction; 3) ineffective assistance of counsel; and 4) the trial court abused its discretion when it denied Adams's motion to amend the complaint to include an Eighth Amendment claim concerning the use of chemical agents. Adams has filed a motion for the production of the trial transcript at government expense.

As an initial matter, we decline to grant Adams's motion for a transcript because the district court did not certify that the appeal is not frivolous. *See* Fed. R.App. P. 753(f).

■■■ Upon review, we affirm the district court's judgment entered upon the jury's verdict. Adams's failure to provide a transcript bars review of his challenge to the weight of the evidence in support of the jury's verdict. *See* Fed. R.App. P. 10(b)(2); *Hawley v. City of Cleveland,* 24 F.3d 814, 820–21 (6th Cir.1994). In any event, to the extent that Adams may be arguing that the jury improperly decided in favor of the defendants after accepting their version of the facts, the argument would not be reviewable. Such an argument essentially rests on the alleged lack of credibility of the witnesses against Adams. However, credibility determinations are not reviewable on appeal. *See United States v. Tackett,* 113 F.3d 603, 612

n. 7 (6th Cir.1997). Such determinations are properly left to the jury. *See Boutros v. Canton Reg'l Transit Auth.,* 997 F.2d 198, 202 (6th Cir.1993). Thus, Adams's argument is not reviewable. Lack of a transcript likewise precludes meaningful review of Adams's second claim enumerated above.

■■■ To the extent that Adams argues that he received ineffective assistance of counsel before and during the trial, the claim lacks merit. It is well-settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case. *See, e.g., Friedman v. Ariz.,* 912 F.2d 328, 333 (9th Cir.1990); *Glick v. Henderson,* 855 F.2d 536, 541 (8th Cir. 1988). Thus, litigants in a civil proceeding may not attack an adverse judgment on the grounds of ineffective assistance of trial counsel. *See Friedman,* 912 F.2d at 333. Instead, the appropriate remedy is a malpractice action against the attorney. *See Glick,* 855 F.2d at 541.

The district court did not abuse its discretion by denying the motion to amend the complaint as the proposed amended complaint would not have withstood a motion to dismiss for lack of exhaustion. *See* 42 U.S.C. § 1997e(a); *Estes v. Ky. Utils. Co.,* 636 F.2d 1131, 1133 (6th Cir.1980). The exhaustion requirement was not fulfilled as Adams did not provide evidence that he had pursued all available administrative remedies with respect to the additional claim he sought to add. *See Wyatt v. Leonard,* 193 F.3d 876, 877 (6th Cir. 1999).

Finally, to the extent that Adams contends the district court erred by granting summary judgment for defendants Visser and Ray, the contention lacks merit because it is unsupported by legal argument. *See* Fed. R.App. P. 28(a)(9).

Accordingly, the motion for a transcript is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.