NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0238n.06
Filed: April 4, 2006

No. 05-1024

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **GREGORY HARDY,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **ROBERT VIETA,** | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellee,* | ) | |
| | ) | |
| **HENRY GRAYSON,** Warden | ) | |
| | ) | |
| *Defendant.* | ) | |

BEFORE:    COLE, GILMAN, and FRIEDMAN,[*] Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.**  Plaintiff Gregory Hardy appeals the district court's

order granting summary judgment to Defendant Robert Vieta in a prisoner's civil rights case brought

pursuant to 42 U.S.C. § 1983.  Because there exists a genuine issue of material fact as to whether

Vieta's conduct constituted cruel and unusual punishment as prohibited by the Eighth Amendment,

we **REVERSE** the district court's order and **REMAND** for further proceedings.

**I.**

*Pro se* plaintiff Gregory Hardy is a prisoner incarcerated at the Parnall Correctional Facility

in Jackson, Michigan.  He alleges that on September 13, 1999, Robert Vieta, an officer employed

---

[*]Daniel M. Friedman, Senior Circuit Judge of the United States Court of Appeals for the
Federal Circuit, sitting by designation.

at Parnall, was assigned to yard patrol. He alleges that Vieta waited for Hardy to enter the "unit (16) block." When he entered the unit, Hardy alleges that Vieta told prisoner James Mathieu, an inmate who was working as a porter in unit (16) block, "watch what I do to this 'Mother Fucker,'" or "Here comes that Faggot Sitch [sic], watch this." Mathieu states that Vieta entered the unit (16) block at approximately 3:00 p.m. In an affidavit, Mathieu avers that he saw Vieta purposefully and intentionally push a steel door on Hardy. Hardy alleges that Vieta smashed him between the steel door and a brick wall, injuring his arm and lower back. Mathieu states that he "heard what sounded like the door hitting something, and then defendant Vieta, push on through the door was heading out [sic], and laughing as he left." Hardy alleges that he reported the assault, after which Vieta approached him, and told him "he would get [Hardy] by planting something in his cell." Hardy also alleges that Vieta called him "You Mother Fucker" and "Nigger." Hardy alleges that at the time of the event, he was being treated for a back injury, and was wearing a back support brace. He states that he sought medical treatment on September 13, 1999, but did not receive treatment until September 15.

On October 4, 2002, Hardy filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. Relevant to this appeal, his complaint alleges that Vieta: (1) violated Hardy's Eighth Amendment rights by assaulting him; (2) unnecessarily and wantonly inflicted pain, constituting an Eighth Amendment violation; (3) made threats against Hardy in order to degrade, intimidate, harass and

assault him; (4) violated the chain of command and the uniform code of ethics; and (5) violated

Hardy's rights under the Michigan Constitution.[11]

On October 21, 2002, the district court declined to exercise supplemental jurisdiction over

Hardy's state law claims, and dismissed those claims without prejudice. The remaining issues were

referred to a magistrate judge. Vieta filed a Motion to Dismiss and a Motion for Summary Judgment

pursuant to Fed R. Civ. P. 12(b) and 56; the magistrate judge recommended that Vieta's motions be

granted and the case dismissed. The district court adopted the magistrate's report in its entirety,

granted Vieta's motions to dismiss and for summary judgment, and dismissed the case with

prejudice. This appeal follows, challenging only the district court's dismissal of Hardy's Eighth

Amendment claims.

## II.

We review the district court's grant of a motion to dismiss *de novo*. *Palkow v. CSX Transp.,

Inc.*, 431 F.3d 543, 548 (6th Cir. 2005). We also review a district court's grant of summary

judgment *de novo*. *Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005). Summary judgment is

proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with affidavits, if any, show that there is no genuine issue of material fact and that the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). This Court must assume the

---

[11]Both Vieta and Grayson were considered defendants, although Hardy does not allege any specific counts against Grayson, nor does he specifically name Grayson as a defendant. In response to an Order to Show Cause, Hardy stated that "Mr. Grayson was <u>not</u> intended to be a defendant in this matter." Plaintiff's Response to Order to Show Cause. Grayson was dismissed as a defendant on May 5, 2003.

truth of the non-moving party's evidence and construe all inferences from that evidence in the light most favorable to the non-moving party. *Id.* A genuine issue of material fact exists when there is sufficient evidence for a trier of fact to find for the non-moving party. A "mere scintilla" of evidence will not be enough for the non-moving party to withstand summary judgment. *Skousen v. Brighton High School*, 305 F.3d 520, 526 (6th Cir. 2002). Furthermore, the non-moving may not rest on his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).

A.  *Eighth Amendment*

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). An assault on a prisoner by a guard can constitute an Eighth Amendment violation, despite the fact that the prisoner does not suffer severe physical injury. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992).

A claim of unnecessary and wanton infliction of pain has both a subjective and objective component. *Moore v. Holbrook*, 2 F.3d 697, 100 (6th Cir. 1993). The objective component requires that the pain be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). The Supreme Court has clarified that in order to be sufficiently serious, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Contemporary standards of decency determine whether a condition of confinement is sufficiently serious to constitute an Eighth Amendment violation. *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).

"With respect to the objective prong, prisoners have the right not to be subjected to the unreasonable threat of injury." *Id.*

The subjective component requires that the offending conduct be wanton. *Wilson*, 501 U.S. at 299. For a claim of excessive force, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320-21 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), *cert. denied,* 414 U.S. 1033 (1973)). We consider factors such as "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Id.* at 321. "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Id.* We must also consider factors such as the extent of any threat to the safety of staff and other prisoners, "as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Id.* Pain inflicted in the complete absence of penological justification is, by definition, unnecessary and wanton. *Hope v. Pelzer*, 536 U.S. 730, 731 (2002) (citation omitted).

*B. Application*

The district court dismissed Hardy's Eighth Amendment claim based on the conclusion that any use of force was *de minimis* in nature. This conclusion was based on the fact that Hardy suffered no "recorded objective injuries," that Hardy made it to first aid without difficulty, and that Hardy suffered back pain prior to the event. Certainly, the Eighth Amendment's prohibition against

cruel and unusual punishment does not generally prohibit *de minimis* uses of force, "provided that the use of force is not of the sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10. The Court has made clear, however, that whether force is *de minimis* does not depend on the extent of the prisoner's injury. *Id*. at 9 ("When prison official maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated. This is true whether or not significant injury is evident.") (citation omitted).

Hardy has alleged an injury that is "sufficiently serious" to make out an Eighth Amendment violation at this stage of litigation. According to Hardy, Vieta pushed a steel door on him. Although the extent of Hardy's injuries is not known, the record reflects that Vieta did not push the door on Hardy during the course of a prison security measure. "With respect to the objective prong, prisoners have the right not to be subjected to the unreasonable threat of injury." *Hadix v. Johnson*, 367 F.3d at 525. Furthermore, the record contains evidence that Vieta acted wantonly. Mathieu testified that upon seeing Hardy, Vieta uttered words indicating wantonness and premeditation. Mathieu also testified that after slamming the door on Hardy, Vieta left the cell block laughing.

Although the district court correctly noted that the absence of a serious injury may be relevant to the calculus to determine whether a use of force may be have been necessary, *Hudson*, 503 U.S. at 7, evidence of serious injury is not required "[w]hen prison officials maliciously and sadistically use force to cause harm." *Id.* at 9. Hardy has both sufficiently alleged, and provided evidence from which an inference can be drawn, that Vieta wantonly inflicted harm upon him.

**III.**

For the foregoing reasons, we REVERSE the order of the district court granting summary judgment and dismissal, and REMAND the case to the district court for further proceedings consistent with this opinion.