NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0514n.06

No. 08-5285

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jul 27, 2009**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| KEEFE ALSOBROOK, JAY A IRVIN, JIMMY JENKINS, and HERMAN LEWIS, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) ) | COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| UPS GROUND FREIGHT, INC., a Virginia Corporation, | ) ) ) | |
| Defendant-Appellee. | ) | |

Before: CLAY and ROGERS, Circuit Judges; JORDAN, District Judge.[*]

LEON JORDAN, District Judge. Keefe Alsobrook, Jay A. Irvin, Jimmy Jenkins, and Herman Lewis (collectively "appellants" or "plaintiffs") appeal *pro se* from a jury verdict in favor of their employer, UPS Ground Freight, Inc. ("UPS"). For the reasons that follow, we **AFFIRM** the district court.

**I.**

Appellants filed their complaint in the district court by counsel, alleging that UPS subjected them to disparate treatment, retaliation, and a hostile work environment in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

_____

[*] The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

2000e *et seq.*[1] In material part, appellants alleged that they were retaliated against through intimidation, increased responsibilities, and undesirable work assignments.

The district court granted in part and denied in part UPS's summary judgment motion. Correctly citing the "reasonable employee would have found the challenged action materially adverse" standard of *Burlington Northern & Santa Fe Railway v. White*, 548 U.S. 53, 68 (2006), the district court relied on the affidavit of each plaintiff in finding a genuine issue of material fact precluding summary judgment on the retaliation claims.

Appellants were represented by counsel from the initiation of their suit through the conclusion of the ten-day jury trial. At trial, the district court granted in part and denied in part UPS's motion for judgment as a matter of law. The case went to the jury on the retaliation and hostile work environment claims.

In contrast to the law correctly applied in its summary judgment ruling, the district court charged the jury in pertinent part that each plaintiff "must show that he suffered a materially adverse change in the terms or conditions of employment because of the employer's actions." This retaliation standard was specifically rejected by the Supreme Court in *Burlington Northern*. Post-*Burlington Northern*, a plaintiff now instead "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or

[1] The complaint was filed against appellants' then-current employer, Overnite Transportation Company ("Overnite"). Upon the parties' subsequent joint motion, UPS was substituted as defendant following its acquisition of Overnite.

supporting a charge of discrimination." *Burlington N.*, 548 U.S. at 68, 70 (citation and quotation omitted).

The jury returned a defense verdict on all claims. Following trial, the plaintiffs filed a timely notice of appeal *pro se*.

## II.

Appellants have not provided us with a trial transcript. We have before us only the transcript of the charge conference and the jury instructions, as submitted by the appellee. While appellants argue that their "counsel informed The District Court that she wanted the new law [*Burlington Northern*] applied," that contention is wholly unsupported by the record. The available transcript instead makes clear that there was no objection made to the erroneous charge. Therefore, our review is for plain error. *See* Fed. R. Civ. P. 51(d)(2); *Bath & Body Works v. Luzier Personalized Cosmetics*, 76 F.3d 743, 750 (6th Cir. 1996).

Plain error is a "very high standard," *Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 820 (6th Cir. 2007), and our review is discretionary. *See* Fed. R. Civ. P 51(d)(2) ("A court *may* consider a plain error in the instructions that has not been preserved . . . .") (emphasis added); *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). "[W]e examine the proceedings in their entirety in the light of the proofs at trial, to determine whether the errors affected substantial rights." *Rush v. Ill. Cent. R.R.*, 399 F.3d 705, 715 (6th Cir. 2005) (citation, quotation, and internal alteration omitted). Appellants bear the burden of establishing plain error. *United States v. Olano*, 507 U.S. 725, 734 (1993); *Fruge v. Penrod*

*Drilling Co.*, 918 F.2d 1163, 1169 (5th Cir. 1990) ("Plain error requires that plaintiff establish the challenged instruction was an incorrect statement of the law and was probably responsible for an incorrect verdict, leading to substantial injustice.").

### III.

The advisory committee notes to the 2003 amendments to Federal Rule of Civil Procedure 51 provide,

> The court's duty to give correct jury instructions in a civil action is shaped by at least four factors.
>
> The factor most directly implied by a "plain" error rule is the obviousness of the mistake. The importance of the error is a second major factor. The costs of correcting an error reflect a third factor that is affected by a variety of circumstances. In a case that seems close to the fundamental error line, account also may be taken of the impact a verdict may have on nonparties.

Fed. R. Civ. P. 51 advisory committee's note (2003). The notes further suggest that the plain error standard is less likely to be met in civil cases than in criminal cases. *Id.* (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)) ("In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken . . . .").

In the present case, the error below was obvious. However, on the record before us we cannot determine the degree of importance of that error because without a trial transcript we cannot assess the strength of the plaintiffs' proof. We presume that the plaintiffs offered *some* evidence on their retaliation claims. Otherwise the district court likely would not have denied the motion for judgment as a matter of law.

4

Nonetheless, we find very little insight as to the strength or focus of that proof. The plaintiffs presumably testified at trial, but we have no record of the content or credibility of that testimony. It is the appellants' duty to provide us with those portions of the transcript which they deem necessary and relevant to their issues on appeal. *See* Fed. R. App. P. 10(b)(1)(A), (2). Similarly, while the plaintiffs supported their opposition to summary judgment with the affidavits of several coworkers, without a trial transcript we are left only to speculate whether any of those persons actually testified, and what the value of any such testimony might have been. We also note that during the charge conference, the district court described this case as "[c]ertainly not the most egregious case we have had at all . . . ."

In order for us to conclude that the erroneous charge impacted the appellants' substantial rights, it is the appellants who "must demonstrate that it 'affected the outcome of the district court proceedings.'" *Puckett*, 129 S. Ct. at 1429 (quoting *Olano*, 507 U.S. at 734). This is not a case with a clear indication that the jury's verdict was related to the challenged instruction. *Cf. Reynolds v. Green*, 184 F.3d 589, 595 (6th Cir. 1999) (jurors asked questions directly relating to erroneous verdict form). The present appellants' "case is not so strong that we can say that had it not been for an erroneous instruction [they] would surely have prevailed at trial." *Mesman v. Crane Pro Servs.*, 512 F.3d 352, 357 (7th Cir. 2008).

Additionally, "'the costs of correcting an error' . . . is an important factor in this case." *Id.* (quoting Fed. R. Civ. P. 51 advisory committee's note (2003)). We are reluctant to require the district court to redo a two-week trial in this civil case because of a single error

in the jury instructions. Considerable public resources have already been devoted to resolving this civil suit. We are also reluctant to require UPS, which proposed a correct *Burlington Northern* instruction to the district court, to defend another two-week trial.

The appellants have simply failed to meet their burden of demonstrating that the error below seriously affected the fairness, integrity, or public reputation of this judicial proceeding. We are mindful that filings by *pro se* litigants are entitled to a liberal construction. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). That "less stringent standard," however, does not entitle *pro se* parties to succeed on the mere basis of conclusory allegations and futile claims. *Id*. On the appellate record before us, we decline to exercise our discretion to grant a plain error reversal.

## IV.

Appellants' remaining arguments warrant little discussion. Appellants ask us to "disbar" the district judge and they contend that, due to the strength of their evidence (which, again, they have not brought before us in the record on appeal) and the "incompetency" of their trial counsel, we should "review this case for all error."

We do not review cases for "all error." Rather, we consider only those issues properly and specifically brought before us, and all other issues are deemed waived. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) Further, "It is well-settled that there is no constitutional or statutory right to effective assistance of counsel in a civil case. . . . Thus, litigants in a civil

6

proceeding may not attack an adverse judgement on the grounds of ineffective assistance of counsel. . . . Instead, the appropriate remedy is a malpractice action against the attorney." *Adams v. Vidor*, 12 F. App'x 317, 319 (6th Cir. June 11, 2001) (citations omitted). Lastly, this court does not address the "disbarment" of district judges.

Therefore, for the reasons provided herein, we **AFFIRM** the jury verdict below.

**CLAY, Circuit Judge, dissenting**. The district court's failure to instruct the jury correctly with respect to a critical element of Plaintiffs' retaliation claim warrants reversal and remand for a new trial on the issue of whether Defendant retaliated against Plaintiffs for filing complaints of race discrimination. Although the majority acknowledges that the district court's inexplicable error in instructing the jury was "obvious," it nonetheless "decline[s]" to exercise this Court's discretion to reverse for plain error. Because I disagree, I respectfully dissent from the majority's decision on this issue.

The district court below presented the jury with an incorrect legal standard for evaluating whether Plaintiffs experienced an adverse employment action for purposes of Plaintiffs' retaliation claim. In instructing the jury, the district court stated that, in order to establish the existence of an adverse employment action, Plaintiffs had to show that they "suffered a materially adverse change in the terms or conditions of employment because of the employer's actions." (Jury Instructions Tr. 29.) It then provided examples of a "materially adverse change"—termination, demotion, loss of benefits, or diminished responsibility—all of which were "ultimate employment decisions" related to the terms and conditions of employment.

However, the Supreme Court has rejected a test that limits actionable retaliation claims to cases in which the employee suffered an "ultimate employment decision." *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006). Instead, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in

this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id*. at 68 (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). The Court thus made clear that, in the context of a retaliation case, a jury is "not required to find that the challenged actions [a]re related to the terms or conditions of employment." *Id*. at 70.

Consequently, the district court erred in instructing the jury. Moreover, at the time the district court instructed the jury, the applicable standard had been established by the Supreme Court in *White*, and the district court's error therefore was plain and obvious. *See also Long v. Howard Univ.*, 550 F.3d 21, 26 (D.C. Cir. 2008) (noting that, in the context of Rule 51(d)(2), the word "plain" is "synonymous with 'clear' or, equivalently, 'obvious'").

Although the majority does not disagree with the above analysis, it nonetheless allows the district court's mistake to go uncorrected. The majority suggests that the costs that would result from correcting the error in this case weigh against reversing the jury verdict. However, the committee notes to Rule 51 upon which the majority relies make clear that the obviousness and importance of the error weigh more heavily in determining whether the district court's error warrants reversal in the civil context. For that matter, it is not evident from the record that the trial on remand would be as lengthy as the original trial. The erroneous jury instruction related only to Plaintiffs' retaliation claim, not Plaintiffs' claims that they were subjected to racially motivated harassment that created a hostile work environment.

9

Here, the obviousness of the mistake—"[t]he factor most directly implied by a 'plain' error rule," Fed. R. Civ. P. 51(d)(2), advisory committee note— weighs heavily in favor of finding plain error. As discussed above, the error was plain—the district court instructed the jury in a manner contrary to a recent, clear, and controlling Supreme Court case. Further, "a second major factor" in addressing plain error is "[t]he importance of the error." In this case, the district court's error in instructing the jury was significant. The instruction related to a "core issue in the case"—whether the Plaintiffs suffered an adverse employment action. *See Reynolds v. Green*, 184 F.3d 589, 595 (6th Cir. 1999) (providing, under the prior plain-error standard, that the instruction must relate to a "core issue"). Based on the instructions that the district court gave, the jury could not have found that Plaintiffs suffered an adverse employment action—a key element of their retaliation claim. The adverse employment action forming the basis of the retaliation claim that went to the jury was that Plaintiffs were denied certain training opportunities, and received more difficult work assignments. Thus, the alleged adverse employment action did not come within the standard that the court provided to the jury—Defendant did not terminate Plaintiffs, nor did Defendant reduce their pay, responsibilities, or benefits. The jury never considered whether Defendant's actions in assigning Plaintiffs more difficult work "might dissuade a reasonable worker" from making a claim of racial discrimination. *See White*, 548 U.S. at 68. Accordingly, the error was plain and prejudiced Plaintiffs, warranting reversal under the plain-error standard. As a result of the district court's legally deficient instructions to the jury on an issue critical to Plaintiffs'

10

claims, the jury was effectively foreclosed from determining whether Plaintiffs should have prevailed on their retaliation claim.

In view of the importance of the adverse employment action issue to Plaintiffs' retaliation claim, and the fact that the adverse employment action forming the basis of Plaintiffs' claim was not properly set forth by the erroneous standard provided by the district court, I would remand for a new trial on the issue of retaliation. I therefore respectfully dissent.