NOT RECOMMENDED FOR PUBLICATION

No. 09-2018

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Oct 12, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **GREGORY HARDY,** | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT** |
| **ROBERT VIETA, Resident Unit Officer,** | ) | **COURT FOR THE EASTERN** |
| | ) | **DISTRICT OF MICHIGAN** |
| Defendant-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| | ) | |
| **HENRY GRAYSON, Warden,** | ) | |
| | | |
| Defendant | | |

**O R D E R**

**BEFORE:** **MERRITT, GIBBONS, and COOK, Circuit Judges.**

Gregory Hardy, a Michigan prisoner proceeding pro se, appeals the district court's order denying his motion for a new trial. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rule of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Hardy filed a 42 U.S.C. § 1983 complaint against Officer Robert Vieta and Warden Henry Grayson, of the Parnall Correctional Facility in Jackson, Michigan. Hardy alleged that Vieta assaulted, harassed, and retaliated against him in violation of his First and Eighth Amendment rights.

Hardy sought monetary relief. The district court dismissed Grayson as a defendant and subsequently granted Vieta's motion for summary judgment. This court reversed the grant of summary judgment and remanded to the district court, concluding that a genuine issue of material fact existed concerning Hardy's Eighth Amendment claim. *Hardy v. Vieta*, No. 05-1024 (6th Cir. Apr. 4, 2006) (unpublished). Following a trial, at which Hardy was represented by appointed counsel, a jury returned a verdict in favor of Vieta. Hardy filed a motion seeking a new trial on five grounds: (1) defense counsel violated a pre-trial evidentiary ruling by the trial court when he cross-examined Hardy concerning his prior criminal behavior; (2) the trial court improperly excluded the written statements of a witness; (3) a juror communicated with her mother about the case during trial; (4) the defense introduced a prejudicial medical record that did not pertain to Hardy; and (5) the verdict was against the great weight of the evidence. The district court denied the motion.

On appeal, Hardy argues that the district court abused its discretion in denying his motion for a new trial.

We "review[] a district court's denial of a party's motion for a new trial under an abuse of discretion standard." *Nolan v. Memphis City Sch.*, 589 F.3d 257, 264 (6th Cir. 2009). "Reversal is only warranted if the [c]ourt has a 'definite and firm conviction that the trial court committed a clear error of judgment." *Id.* (quoting *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir. 2000)). A district court may grant a new trial "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). "Generally courts have interpreted this language to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as

evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.*, the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1045-46 (6th Cir. 1996).

Hardy first argues that he is entitled to a new trial because defense counsel questioned him about his prior drug problem in violation of the trial court's order to refrain from such questioning. The record does not show that the trial court specifically instructed defense counsel to refrain from questioning Hardy about his prior drug use. In any case, Hardy's counsel immediately objected to the allegedly improper question, the trial court sustained the objection, and defense counsel did not press the issue. Further, the trial court instructed the jury that the lawyers' questions and objections were not to be considered as evidence. Thus, Hardy has not shown that he suffered significant prejudice from defense counsel's question and, as a result, the district court did not abuse its discretion in denying Hardy a new trial based on this claim.

Hardy next argues that the trial court erred when it refused to admit James Mathieu's written deposition testimony under the former testimony exception to the hearsay rule. The former testimony exception allows the admission of "[t]estimony given . . . in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1). A party must obtain leave of court to conduct a deposition "if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(b). Hardy has not shown that he obtained leave of court to submit the written deposition questions to Mathieu,

who was confined in prison at the time of the deposition. Thus, Mathieu's written testimony was not admissible under the former testimony exception because his deposition was not taken "in compliance with law." The district court did not abuse its discretion in denying Hardy a new trial on this claim.

Hardy next argues that his trial was unfair because a juror's mother was present in the courtroom during highly prejudicial off-the-record discussions and it is likely that she discussed the case with her daughter. Hardy has not presented any evidence showing that the juror discussed the case with her mother during trial. Because his speculation that such discussions took place is insufficient to warrant a new trial, the district court did not abuse its discretion in denying Hardy a new trial on this claim.

Hardy also argues that his trial was unfair because one of the medical records that the defense placed into evidence actually pertained to a prisoner named James Hardy. The trial record demonstrates that the error was discovered during trial and that Hardy testified that the medical record in question actually pertained to another inmate. Thus, the district court did not abuse its discretion in concluding that Hardy did not suffer significant prejudice due to the admission of the medical record.

Finally, in his motion for a new trial, Hardy argued that the verdict was against the great weight of the evidence. Although Hardy failed to raise this argument in his appellate brief, we conclude that Hardy has not shown that the district court abused its discretion in denying him relief on this claim because the jury verdict in his case was not unreasonable. *See Nolan*, 589 F.3d at 264.

Hardy now also argues that his appointed attorneys performed ineffectively in the district court. In civil cases under § 1983, the claim of ineffective assistance of counsel — which is available in criminal cases and may be raised by habeas corpus — is normally not available because the Sixth Amendment does not provide a right to counsel in such civil cases. *See Glover v. Johnson,* 75 F.3d 264, 268 (6th Cir. 1996); *Adams v. Vidor,* 12 F. App'x 317, 319 (6th Cir. 2001).

Accordingly, we affirm the district court's order denying Hardy's motion for a new trial. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

_____
Leonard Green, Clerk

-5-