[Cite as *State v. Morris*, 2025-Ohio-1800.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 25AP-91 |
| | | (C.P.C. No. 16CR-3655) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Michael T. Morris, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 20, 2025

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Michael T. Morris*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Defendant-appellant, Michael T. Morris, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his petition for post-conviction relief. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In July 2016, the Franklin County Grand Jury indicted Morris on six counts of rape, all first-degree felonies, in violation of R.C. 2907.02, and one count of gross sexual imposition, a fourth-degree felony, in violation of R.C. 2907.05. Morris initially pleaded not guilty, and the matter proceeded to trial in May 2017. After the trial had commenced, Morris pleaded guilty to committing three first-degree felony counts of rape, in violation of R.C. 2907.02. A nolle prosequi was entered as to the remaining counts of the indictment. On May 12, 2017, the trial court imposed the jointly recommended prison sentence of 6

years as to each count, to be served consecutively with each other, for a total sentence of 18 years of imprisonment. Morris did not timely appeal from the court's judgment of conviction and sentence, but he has filed various post-conviction motions and a petition for relief. *See State v. Morris*, 2019-Ohio-3795 (10th Dist.).

{¶ 3} As pertinent to this appeal, on October 9, 2024, Morris filed a successive petition for post-conviction relief pursuant to R.C. 2953.21, and a few weeks later he moved for summary judgment as to this petition. On December 10, 2024, the trial court dismissed Morris's petition and denied his motion for summary judgment.

{¶ 4} Morris timely appeals.

## II. Assignments of Error

{¶ 5} Morris assigns the following six assignments of error for our review:

> [I.] The trial court abused its discretion when it wholly ignored Appellant's claims that are in violation of Appellant's constitutional rights of which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record, including but not limited to, Appellant's claims of ineffective assistance of counsel, speedy trial, Brady violation, prosecutorial misconduct, failure to investigate, false evidence, tampering with witnesses, right to a fair trial, inadmissible evidence, plea not knowing, willing, and voluntary, failure to evaluate mental health, false arrest, willful and wanton misconduct and reckless misconduct, obstruction of justice, and conspiracy to deprive rights.
>
> [II.] The trial court abused its discretion when it dismissed Appellant's petition and summary judgment as being untimely and, thereby, the court lacked jurisdiction due to the petition was filed, pursuant to R.C. 2953.21(A)(2), "later than three hundred sixty-five days after the expiration of the time for filing the appeal." The trial court acknowledged, "there are exceptions to the statute" but, despite Appellant's claims of actual innocence, Brady claim, ineffective assistance of counsel, and Appellant's demonstrating cause and prejudice, among other claims, of which are the exceptions, and the evidence supporting those issues is not contained in the record, the trial court incorrectly concluded "but none (of Appellant's claims) are applicable in this case."
>
> [III.] The trial court abused its discretion when it ignored Appellant's claim for the State of Ohio's failure to bring

Appellant to trial pursuant to statutory speedy trial provisions under Ohio Rev. Code Ann. § 2945.71 and the Sixth Amendment, despite Appellant's repeated requests to counsel.

[IV.] The trial court abused its discretion when it ignored Appellant's claim of Appellant's confession and plea were not knowing, intelligent, and voluntary, and concluded that because Appellant was represented by counsel "waives all non-jurisdictional defects in the proceedings, including the 'right to challenge sufficiency or manifest weight of the evidence." As detailed in the Petition For Post-Conviction Relief, "After three days of trial, counsel manipulated Appellant into signing an electronic black box, claiming the signature was for defense purposes. No contract or document was presented at this time, nor did trial counsel ever produce any contract or document. Apparently the black was a plea of guilt to (3) counts of Rape at (6) years mandatory per count to run consecutively of each other." However, counsel never mentioned or discussed "plea agreement" with Appellant.

[V.] The trial court abused its discretion when it concluded "The statutory deadline for filing a petition in this case expired in 2018 . . . Therefore, the petition is untimely and this court lacks jurisdiction to entertain it," and "A hearing is unnecessary."

[VI.] The trial court abused its discretion when it concluded that Appellant "failed to establish that summary judgment is appropriate," and the court incorrectly claimed that Appellant "based much of the argument on the allegation that the State did not timely respond."

(Sic passim.)

## III. Discussion

{¶ 6} We construe Morris's six assignments of error as collectively asserting the trial court erred in dismissing his petition for post-conviction relief. Relatedly, he also challenges the court's denial of his motion for summary judgment as to the petition. Because the court properly dismissed his petition for lack of jurisdiction, all six assignments of error are without merit.

{¶ 7} R.C. 2953.21 governs the filing of post-conviction petitions and affords a petitioner relief "if the court can find that there was such a denial or infringement of the

rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." (Internal quotations marks deleted and citations omitted.) *State v. Edwards*, 2019-Ohio-3905, ¶ 11 (10th Dist.); *State v. Lacking*, 2015-Ohio-1715, ¶ 10 (10th Dist.). A petition for post-conviction relief is a collateral civil attack on the prior criminal judgment, not an appeal of the judgment or a venue to relitigate substantive issues raised in a direct appeal. *State v. Conway*, 2019-Ohio-2260, ¶ 12 (10th Dist.); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). In this way, a petition for post-conviction relief " 'is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record.' " *State v. Sidibeh*, 2013-Ohio-2309, ¶ 8 (10th Dist.), quoting *State v. Murphy*, 2000 Ohio App. LEXIS 6129 (10th Dist. Dec. 26, 2000).

{¶ 8} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 365 days after the expiration of the time for filing an appeal. A trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless the petitioner demonstrates that one of the R.C. 2953.23(A) exceptions applies. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36 ("[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition."). To establish a trial court's jurisdiction, the petitioner may demonstrate either (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). If the petitioner can satisfy one of those two conditions, he must also demonstrate that, but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. R.C. 2953.23(A)(1)(b). Alternatively, a trial court has jurisdiction to consider an untimely post-conviction petition if the petitioner demonstrates he was convicted of a felony offense and DNA testing performed under a specified statute "establish[es], by clear and convincing evidence, actual innocence of that felony offense." R.C. 2953.23(A)(2).

{¶ 9} A petitioner is not automatically entitled to an evidentiary hearing on a post-conviction petition. *Sidibeh*, at ¶ 13, citing *State v. Jackson*, 64 Ohio St.2d 107, 110-13 (1980). "Before granting a hearing on a [post-conviction] petition . . . the court shall

determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(D). Additionally, pursuant to R.C. 2953.21(E), "[w]ithin twenty days from the date the issues are raised, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record."

{¶ 10} The trial court may deny the petitioner's post-conviction petition without an evidentiary hearing "if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief." *Sidibeh*, 2013-Ohio-2309, at ¶ 13 (10th Dist.), citing *State v. Calhoun*, 1999-Ohio-102, paragraph two of the syllabus. A decision to deny a post-conviction relief petition without a hearing is reviewed for an abuse of discretion. *State v. Hough*, 2021-Ohio-2852, ¶ 8 (10th Dist.).

{¶ 11} Here, Morris's petition for post-conviction relief was untimely, and no exception applied. The trial court's judgment of conviction and sentence was filed May 12, 2017. Therefore, unless an exception applied, a post-conviction petition was due 365 days after June 11, 2017, the expiration of the time for filing an appeal from that judgment. *See* R.C. 2953.21(A)(2); App.R. 4(A). Because Morris's petition at issue was filed October 9, 2024, well beyond the 365-day deadline, he needed to establish one of the statutory exceptions for the trial court to have jurisdiction over the petition. In support of his petition, however, Morris did not demonstrate, or even argue, that he was unavoidably prevented from discovering the facts on which he relies for post-conviction relief, or that his petition was based on a new federal or state right recognized by the United States Supreme Court that applies retroactively. Nor could the DNA testing exception apply because Morris pleaded guilty and was therefore not eligible for post-conviction DNA testing. *See* R.C. 2953.72(C)(2) ("An offender is not [eligible for DNA testing under R.C. 2953.72(C)(1)] regarding any offense to which the offender pleaded guilty or no contest."). Because Morris failed to establish the applicability of an exception that would allow the trial court to consider his untimely post-conviction petition, the court lacked

jurisdiction to entertain his petition. *State v. Ruark*, 2015-Ohio-3206, ¶ 14 (10th Dist.), citing *State v. Russell*, 2006-Ohio-383, ¶ 7 (10th Dist.). And because the trial court lacked jurisdiction to consider Morris's petition, it was not required to hold an evidentiary hearing. *Ruark* at ¶ 14, citing *State v. Burke*, 2002-Ohio-6840, ¶ 19 (10th Dist.). Moreover, the dismissal on jurisdictional grounds rendered moot Morris's motion for summary judgment, as the trial court lacked any authority to grant his request. *See, e.g., Morris v. Keith*, 2024-Ohio-1143 (10th Dist.) (dismissal for lack of subject-matter jurisdiction renders moot pending motions).

{¶ 12} For these reasons, we overrule all six of Morris's assignments of error.

## IV. Disposition

{¶ 13} Having overruled all six of Morris's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

---