[Cite as *State v. King*, 2026-Ohio-1259.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

Plaintiff - Appellee

-vs-

ANTHONY COOPER-KING

Defendant – Appellant

Case No. 2025 CA 00166

Opinion And Judgment Entry

Appeal from the Stark County Court of
Common Pleas, Case No. 2023-CR-0212

Judgment:   Affirmed

Date of Judgment Entry:April 7, 2026

BEFORE: Andrew J. King, William B. Hoffman, and Kevin W. Popham, Judges

APPEARANCES: Kyle Stone, Kameisha J. Johnson. for Plaintiff-Appellee; Anthony Cooper-King, Pro Se, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Appellant Anthony Cooper-King ("Cooper-King") appeals the November 20, 2025, judgment entry of the Court of Common Pleas for Stark County, Ohio denying his motion for leave to file a petition for postconviction relief. For the reasons below, we affirm.

**Facts and Procedural History**

{¶2}    Cooper-King was charged by indictment with six drug-related offenses: one count of trafficking in drugs [heroin], a felony of the second degree (Count I), one count of possession of  drugs [heroin], a felony of the second degree (Count II), one count of trafficking in a fentanyl-related compound, a felony of the first degree (Count III), one

count of possession of a fentanyl-related compound, a felony of the first degree (Count IV), one count of trafficking in drugs [cocaine], a felony of the first degree (Count V), and one count of possession of drugs [cocaine], a felony of the first degree (Count VI). Counts I, III, and V included forfeiture specifications pursuant to R.C. 2941.1417(A). See *State v. Cooper-King*, 2024-Ohio-5469, ¶ 9 (5th Dist.) ("*Cooper-King I*").

{¶3} Cooper-King entered pleas of not guilty, and the matter proceeded to a jury trial. At the close of the State's case, the State dismissed Counts III and V. The remaining counts were submitted to the jury, which found Cooper-King guilty of Counts II, IV, and VI and not guilty of Count I. *Cooper-King I* at ¶ 10.

{¶4} The trial court proceeded to sentencing on Count II (possession of drugs [heroin]), Count IV (possession of a fentanyl-related compound), and Count VI (possession of drugs [cocaine]). The court imposed minimum consecutive sentences of six years on Count II, eight years on Count IV, and six years on Count VI, resulting in an aggregate indefinite sentence of a minimum of twenty years to a potential maximum sentence of twenty-four years in prison. The court also imposed a fine of $12,879 on Count II and $15,000 on Count IV, amounts corresponding to the cash confiscated from Cooper-King. *Cooper-King I at ¶ 11.*

{¶5} Cooper-King filed a direct appeal with this Court, asserting ineffective assistance of trial counsel and judicial bias in sentencing. *Cooper-King I* at ¶¶ 15-16. With respect to his ineffective assistance claim, Cooper-King argued that trial counsel was ineffective for (1) failing to call co-defendant Rasheid Gabriel as a witness, who allegedly would have testified that the drugs belonged to him, and (2) failing to present several pieces of purportedly exculpatory evidence, including (a) bank and tax records suggesting that the seized cash constituted Cooper-King's legitimate wages and (b) dash-camera

footage from a police vehicle during the execution of the search warrant, which Cooper-King argued would have contradicted testimony that he left the residence, saw officers, and fled back inside. *Cooper-King I at* ¶ 24.

{¶6} This Court found that Cooper-King's arguments relied, in part, on matters *dehors* the record. Accordingly, we explained that the proper vehicle for raising such claims was a petition for postconviction relief, citing *State v. Cooperrider*, 4 Ohio St.3d 226 (1983). *Cooper-King I at* ¶¶ 28-29. This Court affirmed Cooper-King's convictions and sentence.

{¶7} On August 6, 2025, Cooper-King filed a pro se motion for leave to file a petition for postconviction relief along with a petition for postconviction relief. The motion and the petition contained the documents mentioned in his direct appeal, affidavits from Rasheid Gabriel, Cooper-King's own affidavit, and the affidavit of a family member. The State filed a response on August 8, 2025, and Cooper-King filed a reply on August 20, 2025.

{¶8} By judgment entry filed November 20, 2025, the trial court denied, without conducting a hearing, Cooper-King's motion for leave to file a petition for postconviction relief. The court determined that Cooper-King's petition was untimely because it was filed beyond the 365-day deadline set forth in R.C. 2953.21(A)(2)(a). The trial court further concluded that Cooper-King failed to demonstrate that the untimely filing was excused because he had not shown that he was unavoidably prevented from discovering the facts upon which his claims for relief relied.

### Assignment of Error

{¶9} Cooper-King raises one assignment of error,

{¶10} "I. ABUSE OF DISCRETION. APPELLANT'S DUE PROCESS AND EQUAL PROTECTION OF THE LAW RIGHTS, AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION, WERE VIOLATED AND DENIED AS THE RESULT OF AN ABUSE OF DISCRETION, IN WHICH THE TRIAL COURT PREJUDICED APPELLANT BY REFUSING TO CONSIDER A PETITION FOR POST-CONVICTION RELIEF, DESPITE APPELLANT SUBMITTING EVIDENTIARY DOCUMENTS, THEREBY TO SUPPORT HIS RELIENCE ON RETAINED COUNSEL TO TIMELY FILE THE AFOREMENTIONED PETITION."

**Pro se Appellants**

{¶11} We understand that Cooper-King has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). *See also State v. Hall*, 2008-Ohio-2128, ¶ 11 (11th Dist.). We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 2005-Ohio-6494, ¶ 4 (8th Dist.) (internal quotation omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (pleadings prepared by prisoners who do not have access to counsel should be liberally construed); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (same); *Houston v. Lack*, 487 U.S. 266 (1988) (some procedural rules must give way because of the unique circumstance of incarceration). *See also State v. Harris*, 2024-Ohio-2993, ¶¶ 9 - 10 (5th Dist.).

{¶12} Although this Court allows latitude to the unrepresented defendant in the presentation of his case, a substantial disregard for the rules cannot be tolerated. *See, Wellington v. Mahoning Cty. Bd. of Elections*, 2008-Ohio-554, ¶ 18. This Court does not

have discretion and must disregard facts, arguments, or evidence presented in the appellate brief when those facts, arguments, or evidence were not presented to the trial court. In *State v. Hooks*, 92 Ohio St.3d 83 (2001), the Supreme Court of Ohio noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal based on the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402 (1978)." It is also a longstanding rule that the record cannot be enlarged by factual assertions in the brief. *Dissolution of Doty v. Doty*, 1980 Ohio App.LEXIS 12935 (4th Dist., Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59 (10th Dist. 1963). New material and factual assertions contained in any brief in this court may not be considered. *See North v. Beightler*, 2006-Ohio-6515, ¶ 7, *quoting Dzina v. Celebrezze*, 2006-Ohio-1195, ¶ 16.

{¶13} We note that the underlying action was a criminal case; however, a petition for postconviction relief is a civil matter. An indigent criminal defendant has neither a federal nor a state constitutional right to be represented by an attorney in a postconviction relief proceeding. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *State v. Crowder*, 60 Ohio St.3d 151 (1991). However, when a person is convicted of a criminal offense and claims that his or her constitutional rights were violated, the person, pursuant to R.C. 2953.21, may petition the court that imposed the sentence and request that the court vacate or set aside the judgment or sentence. *Crowder*, 60 Ohio St.3d at 153. Therefore, a petition for postconviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Murphy*, 2000 Ohio App. LEXIS 6129 (10th Dist. Dec. 26, 2000); *Accord, State v. Zich*, 2017-Ohio-414, ¶ 9 (6th Dist.); *State v. Hamm,* 2024-Ohio-1621, ¶ 20 (5th Dist.).

{¶14} In the case at bar, there is at least some semblance of compliance with the appellate rules. "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189,192 (1982), *citing Cobb v. Cobb*, 62 Ohio St.2d 124 (1980). We can sufficiently discern the facts supporting Cooper-King's argument from the record in this matter. Therefore, in the interests of justice, we will consider Cooper-King's argument.

{¶15} After reviewing Cooper-King's brief including his contentions, we have interpreted Cooper-King's assignment of error in the following manner: The trial court erred in overruling Cooper-King's motion for leave to file an untimely petition for postconviction relief.

## I.

{¶16} In his sole assignment of error, Cooper-King argues that the trial court erred in denying his motion for leave to file an untimely petition for postconviction relief.

### Postconviction Relief Principles

{¶17} Postconviction relief is a civil collateral attack on a criminal judgment, not a second appeal. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). A postconviction petition does not provide a petitioner with a renewed opportunity to relitigate the conviction and does not automatically entitle the petitioner to an evidentiary hearing. *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980); *State v. Lewis*, 2008-Ohio-3113, ¶ 8 (5th Dist.).

{¶18} The right to seek postconviction relief is statutory rather than constitutional, and a petitioner receives no greater rights than those granted by statute. *State v. Broom*, 2016-Ohio-1028, ¶ 28; *Calhoun*, at 281.

**Timeliness**

{¶19} The trial court properly treated Cooper-King's motion as an untimely petition for postconviction relief governed by R.C. 2953.21.

{¶20} Under R.C. 2953.21(A)(2), a petition for postconviction relief must be filed within 365 days after the trial transcript is filed in the court of appeals in the direct appeal from the judgment of conviction. If no appeal is taken, the petition must be filed within 365 days after the expiration of the time for filing an appeal.

{¶21} Here, the trial transcript in Cooper-King's direct appeal was filed with this Court on April 29, 2024. The statutory deadline therefore expired on April 29, 2025. Cooper-King filed his motion on August 6, 2025—ninety-nine days after the deadline. *See* App.R. 14(A). His petition was therefore untimely.

**Jurisdiction Under R.C. 2953.23**

{¶22} Because Cooper-King filed his petition after the statutory deadline, the trial court lacked jurisdiction to consider it unless he satisfied an exception under R.C. 2953.23(A). *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36; *State v. Parker*, 2019-Ohio-3848, ¶ 19.

{¶23} Under R.C. 2953.23(A)(1), a court may consider an untimely petition only if the petitioner demonstrates both:

(a) that he was unavoidably prevented from discovering the facts upon which the claim relies, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation; and

(b) by clear and convincing evidence that, but for the alleged constitutional error at trial, no reasonable factfinder would have found him guilty.

{¶24}   A petitioner's failure to satisfy these requirements deprives the trial court of jurisdiction to consider the petition. *Apanovitch*, at ¶ 36.

{¶25}   Whether these jurisdictional requirements are met presents a question of law we review de novo. *Apanovitch*, ¶ 24; *State v. Bethel*, 2022-Ohio-783, ¶ 20.

{¶26}   Accordingly, we first determine whether Cooper-King satisfied the jurisdictional requirements of R.C. 2953.23(A).

**Unavoidably Prevented from Discovering the Facts**

{¶27}   To invoke the exception in R.C. 2953.23(A)(1)(a), Cooper-King had to demonstrate that he was "unavoidably prevented" from discovering the facts supporting his claims. This requires the petitioner to show he was unaware of the evidence and could not have discovered it through reasonable diligence. *Bethel*, 2022-Ohio-783, ¶ 21.

{¶28}   Cooper-King made no such showing. He did not argue that he was unavoidably prevented from discovering the facts underlying his claims, nor did he assert that his petition relied on a newly recognized retroactive constitutional right. *See State v. Morris*, 2025-Ohio-1800, ¶ 11 (10th Dist.).

{¶29}   Instead, Cooper-King's ineffective-assistance claims rest on trial counsel's alleged failure to call co-defendant Rasheid Gabriel as a witness, to present bank records explaining the source of money seized during his arrest, and to introduce dash-camera

footage to challenge the arresting officers' testimony[1]. Each of these matters was known to Cooper-King at the time of trial and were mentioned in his direct appeal brief.

{¶30}  Because Cooper-King was aware of the underlying facts before the statutory filing deadline expired, he cannot establish that he was unavoidably prevented from discovering them. Having failed to satisfy the first prong of R.C. 2953.23(A)(1), Cooper-King cannot invoke the statutory exception permitting review of an untimely petition.

## Ineffective Assistance of Counsel During Postconviction Proceedings

{¶31}  Cooper-King nevertheless attempts to excuse his noncompliance with R.C. 2953.23(A) by arguing that counsel was ineffective during the postconviction process. Specifically, he contends that the attorney he retained for his direct appeal failed to timely file a petition for postconviction relief.  This argument fails.

{¶32}  A petition for postconviction relief is a civil proceeding. *Calhoun*, 86 Ohio St.3d at 281. An indigent criminal defendant has neither a federal nor a state constitutional right to counsel in postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *State v. Crowder*, 60 Ohio St.3d 151 (1991).

{¶33}  Because there is no constitutional right to counsel in postconviction proceedings, there is no constitutional right to effective assistance of counsel. *Wainwright v. Torna*, 455 U.S. 586, 587-588 (1982). The right to effective assistance attaches only to criminal proceedings and to proceedings involving the permanent termination of parental rights. *Beck v. Beck*, 2010-Ohio-1694, ¶ 28 (5th Dist.); *Clark v. Boles*, 2007-Ohio-2319, ¶ 68 (5th Dist.).

---

[1] We note that the officers testified at trial that the Stark County Metropolitan Narcotics Unit which conducted the raid in this case did not use body cameras. (1T. at 118-119, 201-202.)

{¶34} Accordingly, Cooper-King cannot excuse his failure to comply with R.C. 2953.23(A) by asserting that his retained counsel failed to timely file a petition for postconviction relief. Because Cooper-King had no constitutional right to counsel in the postconviction process, he cannot establish ineffective assistance based on counsel's alleged omission. *Wainwright*, 455 U.S. at 587-588.

{¶35} Moreover, a litigant is generally bound by the acts or omissions of the attorney he voluntarily selects. *Link v. Wabash R. Co.*, 370 U.S. 626, 633-634 (1962). The remedy for alleged ineffective assistance in a civil matter is a legal-malpractice action, not relief from the underlying judgment. *Clark v. Boles*, 2007-Ohio-2319, ¶ 68 (5th Dist.); *Adams v. Vidor*, 12 Fed.Appx. 317, 319 (6th Cir. 2001); *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122 (1997).

{¶36} Cooper-King's argument therefore does not excuse his failure to comply with the jurisdictional requirements of R.C. 2953.23(A).

**Disposition**

{¶37} Because Cooper-King failed to satisfy the jurisdictional requirements of R.C. 2953.23(A), the trial court lacked authority to consider his untimely petition for postconviction relief. Cooper-King did not demonstrate that he was unavoidably prevented from discovering the facts underlying his claims, nor did he rely upon a newly recognized retroactive constitutional right. His argument that retained counsel failed to timely file the petition does not excuse the statutory requirements.

{¶38} The trial court therefore properly denied Cooper-King's motion for leave to file an untimely petition for postconviction relief. Cooper-King's sole assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs to be paid by Appellant,  Anthony Cooper-King

By: Popham, J.

King, P.J. and

Hoffman, J., concur