**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Karen Sue HOLLOWAY, also known**
**as Patricia Guillory, Defendant–**
**Appellant.**

**No. 00–5916.**

United States Court of Appeals,
Sixth Circuit.

March 20, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN, District Judge.*

---

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

*ORDER*

Karen Sue Holloway appeals her judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, we unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

A jury convicted Holloway of wire fraud, a violation of 18 U.S.C. § 1343. She was initially sentenced to forty-one months of incarceration to be followed by two years of supervised release. Pursuant to a Fed. R.Crim.P. 35 motion filed by the government, the district court reduced Holloway's prison sentence by eleven months.

In this timely appeal, Holloway's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Holloway was served with the brief and the motion. Rule 101(f), Sixth Circuit Supplemental Procedural Rules; *Freels v. Hills,* 843 F.2d 958, 961 & n. 3 (6th Cir.1988). Holloway has not responded to counsel's motion to withdraw.

We will grant the motion to withdraw, because counsel's brief reflects that counsel has reviewed the entire record and proceedings and has submitted the following issues for review: (1) whether the evidence was sufficient to support Holloway's conviction; (2) whether the district court erred in sentencing Holloway when it–(a) denied a § 5K1.1 motion, (b) denied a reduction for acceptance of responsibility, (c) enhanced the offense level for more than minimal planning, and (d) enhanced the offense level for obstruction of justice; and (3) whether a Uniform Commercial Code argument Holloway wanted to raise is legally frivolous.

■ Holloway's insufficiency contention lacks merit. A wire fraud conviction requires proof of the following elements: (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires

in furtherance of the scheme; and (3) specific intent to deceive or defraud. 18 U.S.C. §§ 1341, 1343; *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1399–1400 (9th Cir.1986). These elements must be proved beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ There was sufficient evidence to support the jury's conclusion that, beyond a reasonable doubt, Holloway engaged in wire fraud. Through a multi-state check-kiting scheme, Holloway defrauded the victims of more than $55,000. The government showed that Holloway used false checks and a false name and driver's license to execute her crime.

The district court also properly sentenced Holloway. A defendant may only appeal her sentence on the grounds that it: "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the guidelines; (3) represented an upward departure from the applicable guideline range; or (4) is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline." *United States v. Russell,* 156 F.3d 687, 690 (6th Cir.1998). Although the district court rejected Holloway's request for a departure under USSG § 5K1.1 at sentencing, the government's Rule 35 motion reduced her sentence to reward Holloway for her substantial assistance in the prosecution of another. Because Holloway's assistance came after sentencing, this was appropriate.

■ Holloway was not eligible for an offense-level reduction for acceptance of responsibility pursuant to § 3E1.1, because she maintained her innocence throughout the proceedings. § 3E1.1, comment. (n.2).

■ The district court properly enhanced Holloway's sentence because of the complexity of the scheme. The guidelines provide for a two-level enhancement of a defendant's base guideline level if the offense involved more than minimal planning. § 2F1.1(b)(2). The guidelines state that more than "minimal planning" exists in circumstances in which a defendant engages in more planning than is typical for the offense in a simple form. § 1B1.1. This court has held that this enhancement is appropriate in cases involving check kiting, a complex scheme that involves multiple acts with several institutions. *See United States v. Mann*, No. 98–4219, 2000 WL 1597824, at *7 (6th Cir. Oct. 20, 2000) (unpublished).

■ Finally, the district court properly enhanced Holloway's sentence for obstruction of justice. Because Holloway failed to appear, as ordered, for a judicial proceeding, the enhancement under § 3C1.1 was proper. § 3C1.1, comment. (n.3(e)); *United States v. Hill*, 79 F.3d 1477, 1486 (6th Cir.1996) (applying the obstruction of justice enhancement for failure to appear).

Counsel notes that Holloway filed numerous pleadings in the district court regarding a potential defense under the Uniform Commercial Code. Counsel correctly notes that the code is not applicable in criminal proceedings. Any contention in this regard would be frivolous.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.