[Cite as *State v. Morrow*, 2022-Ohio-1089.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2021-0053 |
| MICHAEL MORROW | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
County Court of Common Pleas, Case No.
CR2021-0281

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      March 31, 2022

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RONALD . WELCH      MICHAEL L. MORROW
Prosecuting Attorney      Noble County Jail
BY: TAYLOR P. BENNINGTON      420 Olive Street
Assistant Prosecutor      Caldwell, OH 43724
27 North Fifth St.
Box 189
Zanesville, OH 43702-0189

*Gwin, P.J.*

{¶1} Appellant Michael Morrow ["Morrow"] appeals from the Muskingum County Court of Common Pleas September 16, 2021 Judgment Entry finding him in contempt of court and from the six-month jail sentence imposed upon him.

*Facts and Procedural History*

{¶2} The Muskingum County Grand Jury returned an Indictment charging Morrow with one count of Having weapons under disability in violation of R.C. 2923.13. The Indictment alleged that Morrow had been convicted in the Montgomery County Court of Common Pleas, Case No. 2013 CR 03988 of one count of Felonious Assault.

{¶3} Morrow was arraigned on July 7, 2021. Counsel for Morrow filed a Notice of Appearance, Demand for Discovery and Demand for a Bill of Particular on July 9, 2021. Discovery was provided by the state to counsel for Morrow on July 12, 2021. *See, State of Ohio's Memorandum Contra Defendant's Motion for Continuance,* filed February 23, 2022 at 1. [Docket Number 54]. The trial court scheduled the case for a jury trial on September 16, 2021 by Judgment Entry filed July 9, 2021. [Docket Number 12].

{¶4} On September 10, 2012, counsel for Morrow filed a motion to withdraw as counsel. [Docket Number 15]. In the motion, counsel stated that Morrow discharged him and "made clear his desire and intent to represent himself in this case moving forward." A hearing was held in open court on the motion on September 10, 2021. [Docket No .20]. After hearing from Morrow and his counsel at that time, and inquiring of Morrow as to his right to counsel, his right to represent himself, and being satisfied that Morrow understood his rights and freely and voluntarily was waiving his right to counsel and asserting his right to self-representation, the trial court granted counsel's motion to withdraw. [Docket

Number 20].  The trial court appointed counsel as stand-by counsel for Morrow.  *Entry,*
filed Sept. 10, 2021.  [Docket Number 18].

{¶5}    The prosecuting attorney contacted Morrow by telephone and a change of
plea hearing was scheduled with the court for September 15, 2021.  T., Sept. 16, 2021 at
23-25.

{¶6}    On September 15, 2021, the prosecuting attorney notified the court that the
case was scheduled for a change of plea hearing and that Morrow wished to address the
court "before he signs the documents."  T. Sept. 15, 2021 at 3.  Morrow then proceeded
to "reserve my rights upon the Uniform Commercial Code 1-103."   Id. Upon being
informed by the trial judge that the Uniform Commercial Code does not have any
relevance to criminal proceedings, Morrow asked for the judge's name as registered with
the Secretary of State.  Id. at 4.  Morrow then inquired of the trial judge and the prosecuting
attorney if they or anyone they knew "have a claim against me [.]"  Id. at 5; 7.  Morrow
then asked the trial judge to direct the prosecutor for "the assessment of the charges."
Id. at 5-6.  When asked by the prosecutor if Morrow would like the charges against him
read, Morrow responded, "No, I want you to read me the assessments."  Id. at 6.  Morrow
further asked, "Would I be able to call the State of Ohio to the witness stand?"  Id. at 7.
When informed that the State of Ohio was not a person, Morrow asked if he could call the
prosecutor to the stand.  Id. Thereupon, the trial judge asked Morrow if he was going to
plead or not, Morrow responded, "No, sir.  I'm just reserving my right."  Id. 7.  The hearing
was concluded and trial remained set for September 16, 2021.

{¶7}    On September 16, 2021, a hearing was held prior to the commencement
of the trial.  At that time, the court addressed Morrow regarding the scheduled plea of

guilty set on September 15, 2021. The court found Morrow requested the plea hearing on false pretense, continually argued irrelevant and erroneous points of law, before disclosing he had no intent to enter a plea of guilty that day. The court found Morrow was in direct contempt of court. T. Sept. 16, 2021 4-5. Morrow continued to press the trial court for a continuance claiming,

> THE DEFENDANT: All right. So that that fictitious name that is on that -- that is --that capitalized name that is -- that is on that --that indictment, that is not me.It don't represent me. And English language, I do not even write like that.
>
> * * *
>
> THE DEFENDANT: And it's not. That -- the -- the name that you have in all capitalized letters, that is not me.
>
> THE COURT: Is it spelled correctly?
>
> THE DEFENDANT: In a formal way, yeah.
>
> THE COURT: Okay.
>
> THE DEFENDANT: But that is still not me.

T. Sept. 16, 2021 at 10-11. Morrow continued to argue with the trial judge,

> THE DEFENDANT: All right. Now, you said it's criminal law. Now, I'm still -- now the question still remains, what -- what jurisdiction does this fall up under?
>
> THE COURT: This -- your charges, the indictment? It's criminal.

THE DEFENDANT: Thank you, sir. What jurisdiction -- the Constitution only states two jurisdictions; right, or wrong? Common law and Abertine (phonetic) maritime.

T. Sept. 16, 2021 at 12. The trial court found Morrow in contempt of court and sentenced him to six months incarnation. Id. at 19. The trial court continued the trial. Id.

{¶8} By Judgment Entry filed September 17, 2021, the trial court ordered Morrow to undergo a competency evaluation. [Docket Entry 24].

{¶9} By Certificate of Assignment filed September 28, 2021, the Chief Justice of the Ohio Supreme Court assigned a visiting judge to preside over Morrow's case. [Docket Number 25].

{¶10} On October 5, 2021, Morrow filed a Notice of Appeal with this Court from the trial court's finding and sentence for contempt. Morrow did not file a Motion to Stay Imposition of Sentence at that time. Subsequent to Morrow's filing his notice of appeal, the following proceedings took place in the trial court.

{¶11} On October 8, 2021, a jury trial was set in this case for January 11, 2022. [Docket Entry 27]. On October 13, 2021, Morrow, pro se, filed a motion to dismiss, motion to suppress, and a motion to challenge personal jurisdiction. Counsel for Morrow filed a demand for discovery on that same date. [Docket Number 31]. On October 20, 2021, Morrow filed a motion to remove counsel. [Docket Number 32]. By Judgment Entry filed November 2, 2021, the trial court appointed Keith Edwards counsel for the defense. [Docket Entry Number 34]. By Judgment Entry filed November 4, 2021, the trial court ordered the state to respond to Morrow's pending motions filed October 13, 2021 and his motion to remove counsel filed October 20, 2021 within ten days.

{¶12} By Judgment Entry filed December 14, 2021, the trial court denied Morrow's motion to challenge personal jurisdiction, motion to dismiss and motion to suppress.

{¶13} By judgment entry filed December 16, 2021, the trial court denied Morrow's motion to remove counsel and appointed the same counsel to represent Morrow. [Docket Entry Number 40].

{¶14} By Judgment Entry filed December 20, 2021, Morrow was found to be competent to stand trial. A Judgment Entry filed January 25, 2022 continued the trial date to February 24, 2022. [Docket Entry Number 44].

{¶15} Morrow filed a motion to stay the contempt sentence with the trial court on February 22, 2022. [Docket Number 48]. The state opposed the motion. [Docket Number 50]. By Judgment Entry filed February 23, 2022, the trial court overruled Morrow's motion to stay the imposition of the trial court's six-month sentence upon the contempt charge.

{¶16} A jury trial commenced on February 24, 2022. The jury found Morrow guilty of Having a weapon while under a disability as charged in the indictment. [Docket Number 57]. The trial judge deferred sentencing. [Docket Number 60].

*Assignments of Error*

{¶17} Morrow raises two Assignments of Error, pro se:

"I. FAILURE TO GRANT ADEQUATE TIME TO THE APPELLANT CONSTITUTES A VIOLATION OF THE RIGHT TO FAIR TRIAL.

"II. THE JUDGE WAS BIASED TO THE CASE."

*Pro se litigants*

{¶18} We understand that Morrow has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and

procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶19} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in the parties' briefs that are outside of the record.

{¶20} In the interests of justice, we shall attempt to consider Morrow's assignments of error.

*The "mootness doctrine"*

{¶21} "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions." *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808 (1920), *quoting California v. San Pablo &*

*Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893*); Accord, North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 92, 30 L.Ed.2d 244(1971).   Because mootness is a jurisdictional question, the question of mootness is one that must be addressed even if the parties do not raise it.  *North Carolina v. Rice*, 404 U.S. at 246, 92 S.Ct. 92, 30 L.Ed.2d 244.

**{¶22}** We note that because Morrow has completed service of the six-month sentence imposed upon him as a result of his conviction for contempt, the case has become moot under *St. Pierre v. United States,* 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943).  However, both the United States Supreme Court and the Ohio Supreme Court have retreated from this absolute position.

**{¶23}** In *Cleveland Hts. v. Lewis,* the Ohio Supreme Court held,

> The completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide.

129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, paragraph one of the syllabus. The Court in *Lewis* found evidence of intent to challenge the criminal charge,

> [Lewis] sought a stay of execution of sentence to avoid the appeal becoming moot, but the trial court denied the stay.  Lewis then paid the fine and costs and filed a notice of appeal, but did not seek a stay from the appellate court.   These circumstances demonstrate that Lewis neither

acquiesced in the judgment nor abandoned his right to appeal and thus did not voluntarily complete the sentence pending appeal. Accordingly, Lewis had a substantial interest in the appeal, and the appellate court had subject matter to decide, and the appeal did not become moot.

*Lewis* at ¶3.

{¶24} In *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917(1968), the United State Supreme Court recognized two exceptions to the doctrine of mootness. The first exception applies when '(i)t does not appear that petitioner could not have brought his case to this Court for review before the expiration of his sentence." The Court noted, "There was no way for Sibron to [appeal] his case here before his six-month sentence expired." 392 U.S. at 52, 88 S.Ct. 1889, 20 L.Ed.2d 917.

{¶25} The second exception to the doctrine of mootness applies when evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction. 392 U.S. at 54-55, 88 S.Ct. 1889, 20 L.Ed.2d 917. *See also, State v. Wilson* (1975), 41 Ohio St.2d 236, 325 N.E.2d 236(1975), syllabus. However, in *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), "the Court abandoned all inquiry into the actual existence of specific collateral consequences and in effect presumed that they existed." *Sibron,* 392 U.S. at 55, 88 S.Ct. 1889, 20 L.Ed.2d 917. *See also, Spencer v. Kemna,* 523 U.S. 1, 9, 118 S.Ct 978, 140 L.Ed.2d 43(1998); *Wetzel v. Ohio,* 371 U.S. 62, 65, 83 S.Ct. 111, 9 L.Ed. 2d 26(1962)(Douglas J., concur).

{¶26} In the case at bar, Morrow was not represented on appeal. He filed his notice of appeal to this court pro se in a timely manner. He attempted to obtain a stay in

the trial court before his sentence had expired.  These circumstances demonstrate that Morrow neither acquiesced in the judgment nor abandoned his right to appeal and thus did not voluntarily complete the sentence pending appeal.  *Cleveland Hts. V. Lewis*, 129 Ohio St.3d 389, 390, 2011-Ohio-2673, 953 N.E.2d 278.

{¶27}  Accordingly, Morrow has a substantial interest in the appeal, and this Court has subject matter to decide, and the appeal has not become moot.  Id.

I.

{¶28} After reviewing Morrow's brief including his contentions, we have interpreted Morrow's first assignment of error in the following manner: The trial court abused his discretion in finding him guilty of criminal contempt and sentencing him to six months since such finding was unreasonable and unsupported by the evidence.

{¶29}  In the state of Ohio, criminal contempt, the purpose of which is to punish, may be termed indirect or direct.  *See In the Matter of Lands*, 146 Ohio St. 589, 595, 67 N.E.2d 433(1946); *In re McGinty*, 30 Ohio App.3d 219, 507 N.E.2d 441, 445(8th Dist., 1986); *In re Carroll*, 28 Ohio App.3d 6, 501 N.E.2d 1204, 1208(8th Dist. 1985).  Indirect contempt occurs when the contemnor's actions occur outside the presence of the court. *See City of Cincinnati v. Dist. Council 51*, 35 Ohio St.2d 197, 202, 299 N.E.2d 686, 691(1973); *In re McGinty, supra*, 28 Ohio App.3d at 223, 507 N.E.2d at 445; *see also In re Gonzalez*, 70 Ohio App.3d 752, 755, 591 N.E.2d 1371, 1373.  (8th Dist. 1990). Whereas, direct contempt "is an act 'of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."  *In re McGinty*, 507 N.E.2d at 445 (citing Ohio Rev. Code § 2705.01); City *of Cincinnati v. Dist. Council 51, supra*, 35

Ohio St.2d 201–202, 299 N.E.2d at 691–692.  In the case at bar, the trial court termed Morrow's conduct direct contempt.

**{¶30}** Pursuant to Section 2705.01 of the Ohio Revised Code, direct contempt may be summarily punished,

> A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.

**{¶31}** The Supreme Court has defined summary contempt as,

> a procedure which dispenses with the formality, delay and digression that would result from the issuance of process, service of complaint and answer, holding hearings, taking evidence, listening to arguments, awaiting briefs, submission of findings, and all that goes with a conventional court trial.

*Sacher v. United States*, 343 U.S. 1, 9, 72 S.Ct. 451, 455, 96 L.Ed. 717, 724(1952).  While a finding of contempt is within the discretion of the court, to sustain a conviction of criminal contempt the elements of the offense must be proven beyond a reasonable doubt.  *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610(1980).  The elements include an intent to defy the court and conduct which "poses an imminent threat to the administration of justice."  *Catholic Social Servs. v. Howard*, 106 Ohio App.3d 615, 666 N.E.2d 658, 661(8th Dist. 1995); *see also In re Carroll*, 28 Ohio App.3d 6, 501 N.E.2d 1204, 1208–09(8th Dist. 985).

**Standard of Appellate Review**

{¶32}  The standard of proof required in criminal contempt proceedings is proof of guilt beyond a reasonable doubt and a contemnor cannot be given a criminal contempt sanction unless proven guilty beyond a reasonable doubt.  *Brown v. Executive 200, Inc.,* 64 Ohio St.3d 250, 252, 416 N.E.2d 610(1980).

**Issue for Appellate Review:** *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Morrow was guilty beyond a reasonable doubt of contempt of court.*

{¶33}  On September 15, 2021, the state informed the court that a change of plea hearing was to take place and that Morrow wished to address the court prior to signing the documents.  At that hearing, Morrow attempted to control the hearing.  After being informed that the Uniform Commercial Code has no application to his criminal case, Morrow continued to argue with the judge, ask that the prosecutor be called to the witness stand and challenge the jurisdiction of the court.  Upon being informed by Morrow that he was not entering a plea, the trial court ended the proceedings.  Trial remained set for the following day.  The trial judge made no finding that Morrow was in contempt of court.

{¶34}  Prior to the commencement of the scheduled jury trial on September 16, 2021, a hearing took place in the Law Library.  A review of the transcript suggests that the hearing was necessitated by Morrow's contention that he had not been given sufficient time to prepare for his jury trial.  In response to Morrow's claim that he was being rushed, the trial judge responded,

> THE COURT: No.   You're -- you're pulling the wool over the Court's eyes.

THE DEFENDANT: No, sir.

THE COURT: You did that yesterday. You're in contempt of court from yesterday, by the way.

THE DEFENDANT: Sorry?

THE COURT: You said you were going to plead guilty and you had no intention of pleading guilty. You put the Court out of –

THE DEFENDANT: Your Honor

THE COURT: The fact that we have to bring in a court reporter separate for all of that, the Defense attorney – or not – the Prosecutor had to be here, the court reporter had to be here, and you had no intention You're in contempt of court for doing that.

* * *

THE COURT: Let me ask you about wasting time. Did you come here with the intention of pleading yesterday?

THE DEFENDANT: No, sir.

THE COURT: Okay. You're in contempt of court. I'm giving you six months. You can learn all you want to in six months over in the county jail.

* * *

THE COURT: It's direct contempt. He did it yesterday in my presence when he came here and told everybody he was going to plead guilty. The forms were prepared.

T. Sept. 16, 2021 at 4; 19-20. Morrow stated as follows,

THE DEFENDANT: Objection.   When I called you back [i.e., the prosecuting attorney], I asked -- I asked Mr. Litle: Mr. Litle, are we going into the courtroom?  Are we going to court?  Would I be able to speak to to the Judge on record?  Mr. Litle said, yes.  I said, what time do -- what time do you need me down there?  Mr. Litle -- Mr. Litle said around 3.

THE COURT: And Mr. Litle told me, just what he just said there; plus, that you wanted to talk to me before entering your plea.

T. Sept. 16, 2021 at 23-25.  It is clear from the above that the state contacted the trial court to schedule a change of plea hearing after speaking with Morrow.

**{¶35}**  We conclude that the record demonstrates sufficient evidence of Morrow's intent to support his conviction.  Intent may be inferred from Morrow's misrepresentation to the prosecutor and the court concerning his desire to change his plea.  Morrow's purpose was to hijack the hearing, so to speak, to set forth his feckless, unsubstantiated, and unsupported claims concerning the Uniform Commercial Code.  Morrow made no mention during the September 15, 2021 hearing that he was unprepared to begin the jury trial the following day.  The trial court summons prospective jurors and was prepared to go forward with trial.  Shortly before trial was to commence, Morrow began arguing with the trial judge demanding a continuance of the jury trial.

**{¶36}**  Contempt is a disregard of or disobeyance to an order or command with judicial authority.  *State v. Flinn*, 7 Ohio App.3d 294, 455 N.E.2d 691(9th Dist. 1982).  It is conduct which engenders disrespect for the administration of justice or which tends to embarrass, impede, or disturb a court in the performance of its functions.  *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 520 N.E.2d 1362(1988).  Morrow's

conduct in this case supports a finding of disrespect for the administration of justice which impeded or disturbed the trial court in the performance of its functions.

**{¶37}** An attorney has an obligation to be honest with the court when he or she schedules a trial or a hearing. *See State v. Mulligan,* 2nd Dist. Montgomery No. 19359, 2003-Ohio-782, ¶2. Morrow's scheduling a change of plea hearing under false pretenses is tantamount to a substantial disregard of the trial court's authority, which should not be tolerated. *See, Wellington v. Mahoning Cty. Bd. of Elections*, 117 Ohio St.3d 143, 2008-Ohio-554, 882 N.E.2d 420, ¶ 18*; Drake v. Bucher*, 5 Ohio St.2d 37, 40, 34 O.O.2d 53, 213 N.E.2d 182(1966). The mere fact that Morrow was proceeding pro se does not entitle him to ignore the rules or the obligation to be honest and forthright when scheduling matters in the trial court. *See, State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402, ¶ 1; *see also State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, *quoting Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238(10th Dist. 2001) (" 'pro se litigants * * * are held to the same standard as litigants who are represented by counsel' ").

**{¶38}** Morrow's behavior did not merely offend the court's sensibilities, but undermined the court's authority. Morrow did not accept the court's rulings. He repeatedly argued with the court, characterizing (and often mischaracterizing) the court's rulings in dramatic, argumentative fashion. These arguments repeatedly challenged the court's authority and effectively halted the proceedings. Morrow also refused to address issues the court attempted to raise, choosing instead to go off on his own tangent, and again effectively interfering with the proceedings.

**{¶39}** The court could summarily punish Morrow for this threat to the orderly administration of justice. Our review of the evidence is that contempt has been established here beyond a reasonable doubt.

**{¶40}** Morrow's First Assignment of Error is overruled.

II.

**{¶41}** After reviewing Morrow's brief including his contentions, we have interpreted Morrow's second assignment of error in the following manner: the judge was biased to the case.

**Standard of Appellate Review**

**{¶42}** It is well established that a criminal defendant who has been tried before a biased judge has been denied due process. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34.

**{¶43}** "The inquiry [for judicial bias] is an objective one. The Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.' "*Caperton v. A.T. Massey Coal Co., Inc.,* 556 U.S. 868, 881 (2009). However, a judge is presumed to be impartial, and a party that seeks to establish bias bears the burden of overcoming that presumption. *Coley v. Bagley*, 706 F.3d 741, 751 (6th Cir. 2013). Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," but instead, "[a]lmost invariably are proper grounds for appeal, not recusal." *Liteky v. United States, 5*10 U.S. 540, 555 (1994). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or

partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555.

**{¶44}** Judicial bias is demonstrated by "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and [the] facts." *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 33, *quoting State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶ 5. "[D]isagreement with a judge's ruling on legal issues and the management of the case are not evidence of bias or prejudice, but rather issues subject to appeal." *King v. Divoky,* 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 48. "Nor is disagreement with the outcome of the case proof of bias to demonstrate a due process violation." Id.

**Issue for Appellate Review:** *Whether Morrow has cited compelling evidence that the trial judge was biased or whether there is an unconstitutional "potential for bias"*

**{¶45}** Morrow contends that the trial judge was biased because the judge was unwilling to allow Morrow to reserve "their [sic.] rights under the U.C.C. Claiming the U.C.C. has nothing to do with Criminal Law." [Appellant's brief at 5].

**{¶46}** "As its title implies, the Uniform Commercial Code (U.C.C.) governs commercial transactions. It is not a source of substantive rights in a criminal action." *Thompson v. Scutt,* 2011 WL 2745934 (July 13, 2011, W.D.Mich.); s*ee also United States*

*v. Holloway*, 11 Fed. Appx. 398, 400 (6th Cir. 2001); *Chandler v. Curtis*, No. 05–cv–72608, 2005 WL 1640083, at *2 (E.D.Mich. July 13, 2005) ("provisions of the U.C.C. are inapplicable to criminal proceedings"); *Johnson v. Tibbals*, No. 1:12-cv-2609, 2013 WL 1003416 (ND OH, Mar 12, 2013) ("The Uniform Commercial Code, codified at Ohio Revised Code § 1302.01 et seq., is not applicable to the facts of this case. It governs only commercial transactions, does not provide substantive rights, and is wholly is inapplicable to criminal proceedings."); *State v. Farley,* 5th Dist. Muskingum Nos. CT2013-0026, CT2013-0026, 2013-Ohio-5517, ¶13 (""the U.C.C. has no bearing on criminal subject matter jurisdiction." *United States v. Mitchell*, 405 F .Supp.2d 602 (D.Md.2005). *See also Van Hazel v. Luoma,* E.D.Mich. No. 05–CV–73401–DT (Oct. 27, 2005) (noting that other courts have rejected similar jurisdictional claims as frivolous, and holding that 'Petitioner cannot divest the State of Michigan of jurisdiction to prosecute him of a criminal offense simply by declaring a security interest in himself pursuant to the Uniform Commercial Code'").

**{¶47}** Because the trial judge's rulings and comments concerning the U.C.C. are correct statements of the law, Morrow cannot demonstrate bias.

**{¶48}** Morrow's Second Assignment of Error is overruled.

{¶49} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur