[Cite as *State v. King*, 2024-Ohio-5469.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2023CA00156 |
| | : | |
| ANTHONY COOPER KING | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:　　　　Appeal from the Stark County Court of
　　　　　　　　　　　　　　　　　Common Pleas, Case No. 2023CR0212

JUDGMENT:　　　　　　　　　　　　AFFIRMED

DATE OF JUDGMENT ENTRY:　　　　　November 20, 2024

APPEARANCES:

For Plaintiff-Appellee:　　　　　　　　For Defendant-Appellant:

KYLE STONE　　　　　　　　　　　　JOSEPH C. LUCAS
STARK COUNTY PROSECUTOR　　　　61 N. Dixie Dr., Ste. B
LISA A. NEMES　　　　　　　　　　　Vandalia, OH 45377
110 Central Plaza South, Ste. 510
Canton, OH 44702-1413

*Delaney, P.J.*

{¶1} Appellant Anthony Cooper King appeals from the November 21, 2023 Judgment Entry of the Stark County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose from an investigation by the Stark County Metro Narcotics Unit into possible drug trafficking activity at an Airbnb house in Plain Township. Agent Matthew King of the North Canton Police Department was lead investigator and surveilled the house two to three days a week gathering evidence. Other Metro agents assisted in surveillance and investigation of the house.

{¶3} King applied for a search warrant on January 18, 2023, noting two individuals were the focus of the investigation: appellant and Rasheid Gabriel. The next day, agents assembled around 8:00 a.m. to watch the house in preparation for execution of the search warrant. Around 11:00, a vehicle dropped off Rasheid Gabriel and he entered the house. Four hours passed without any movement.

{¶4} Agents decided to approach, knock, and announce themselves. As agents converged on the house, appellant and a woman exited a side door, saw law enforcement, and ran back inside, locking the door. Agents ultimately breached the front door with a ram and entered the house.

{¶5} Inside, agents found and detained the woman who tried to leave earlier. Agents made their way through the house searching for other occupants and no one responded to their warnings. Agents' attention was drawn to the sound of a flushing toilet behind a closed bathroom door. Appellant eventually responded to agents' commands

and came out of the bathroom with his hands up. In appellant's pockets, agents found $25,339 in cash and three cell phones; in his training and experience, King found these items indicative of drug trafficking.

{¶6} The bathroom was closed and the door was locked; agents entered and kicked the toilet off its perch, preventing anything recently flushed from entering the pipes. Officers continued to look for Gabriel, who was eventually spotted hiding behind the bathroom door. Gabriel was arrested.

{¶7} Agents began the meticulous process of executing the search warrant throughout the house, looking for evidence of narcotics possession and trafficking. Most of the contraband recovered was found in the bathroom, either in the toilet or in the vent of an air duct. Agents found multiple bags of cocaine, heroin, and fentanyl, which were submitted to the crime lab for analysis.

{¶8} Agents searched a bedroom and found appellant's possessions, his vehicle registration card, a handwritten letter, and approximately $2500 in cash.

{¶9} Appellant was charged by indictment with one count of trafficking in heroin pursuant to R.C. 2925.03(A)(2) and (C)(6)(3), a felony of the second degree [Count I]; one count of possession of heroin pursuant to R.C. 2925.11(A) and (C)(6) (d), a felony of the second degree [Count II]; one count of trafficking in a fentanyl-related compound pursuant to R.C. 2925.03(A)(1) and (C)(11)(e), a felony of the first degree [Count III]; one count of possession of a fentanyl-related compound pursuant to R.C. 2925.11(A) and (C)(11)(e), a felony of the first degree [Count IV]; one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(f), a felony of the first degree [Count V]; and one count of possession of cocaine pursuant to R.C. 2925.11(A) and (C)(4)(e), a felony

of the first degree [Count VI]. Counts I, III, and V were accompanied by forfeiture specifications pursuant to R.C. 2941.1417(A).

{¶10} Appellant entered pleas of not guilty and the matter proceeded to trial by jury. The trial court granted appellant's Crim.R. 29(A) motion for acquittal as to Counts III and V. The remaining counts were submitted to the jury at the close of trial. The jury found appellant guilty upon Counts II, IV, and VI, and not guilty upon Count I.

{¶11} The matter proceeded to sentencing upon Count II, possession of heroin; Count IV, possession of a fentanyl-related compound; and Count VI, possession of cocaine. The trial court sentenced appellant to minimum consecutive sentences of six years on Count II, eight years on Count IV, and six years on Count VI, for an aggregate sentence of twenty to twenty-four years in prison. The trial court also imposed a fine of $12,879 upon Count II and $15,000 upon Count IV, matching the total amount of cash confiscated from appellant.

{¶12} Appellant filed a motion to waive fines which the trial court overruled, ordering that the $27,879 should be applied to payment of fines and costs.

{¶13} Appellant now appeals from the judgment entry of his conviction and sentence.

{¶14} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

{¶16} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISPLAYING BIAS IN ITS SENTENCING."

**ANALYSIS**

I.

{¶17} In his first assignment of error, appellant argues he received ineffective assistance of defense trial counsel. We disagree.

{¶18} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

{¶19} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶20} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶21} The United States Supreme Court discussed the prejudice prong of the *Strickland* test:

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." [Citations omitted.] It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [Citations omitted.] Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

{¶22} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *State v. Bradley,* 42 Ohio St.3d 136, 143 (1989), *quoting Strickland,* 466 U.S. at 697

{¶23} Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). Even if the wisdom of an approach is questionable, "debatable trial tactics" do not constitute ineffective assistance of counsel. *Id.*

{¶24} Appellant argues defense trial counsel was ineffective in 1) failing to call Rasheid Gabriel as a witness because Gabriel would have testified the drugs were his, and 2) failing to present several pieces of purportedly exculpatory evidence, including a) bank and tax records proving the cash was appellant's wages and b) dash cam footage

from a police vehicle taken during execution of the search warrant that would have contradicted testimony that appellant left the house, saw agents, and ran back inside.

{¶25} The omitted testimony and evidence appellant argues counsel should have introduced are not in the record. Their impact on the overall outcome of appellant's trial is therefore speculative.  No proffer was made at any point in the proceedings. We do not know what Gabriel's testimony would have been, or whether such testimony would have been admissible; there is no evidence that wage documentation or a dash cam video showing agents converging on the house exists. *State v. Smith*, 2018-Ohio-3175, ¶ 75 (5th Dist.). We decline to evaluate these fact-specific issues on the trial record alone because evidence relevant to appellant's arguments was not developed. See, *State v. Sanders*, 2016-Ohio-7204, ¶ 33 (5th Dist.), citing *State v. Shepherd*, 2015-Ohio-4330, ¶ 41 (5th Dist.).

{¶26} We therefore must decline to find counsel was ineffective because appellant has failed to demonstrate actual prejudice. *See*, *State v. Shuster*, 2014-Ohio-3486, ¶ 64 (5th Dist.) [declining to speculate on outcome if counsel had properly called expert witness].  We also must presume a properly-licensed attorney executes his or her duties in an ethical and competent manner. *Sanders*, supra, 2016-Ohio-7204 at ¶ 34, citing *State v. Smith*, 17 Ohio St.3d 98, 100 (1985). Under the circumstances presented, we are not inclined to overcome this presumption with the limited information before us. *Id.*

{¶27} Finally, we are compelled to address the faulty premise underlying appellant's first assignment of error. Where an ineffective-assistance-of-counsel claim cannot be supported solely on the trial court record, it should not be brought on direct appeal. *State v. Radel,* 2009–Ohio3543, ¶ 15 (5th Dist.), citing *State v. Cooperrider,* 4

Ohio St.3d 226, 228 (1983); see, *State v. Leeper,* 2005–Ohio–1957 (5th Dist.). In *Cooperrider,* the Ohio Supreme Court held that where an appellant alleges matters outside the record as the basis for a claim of ineffective assistance of counsel, the proper procedure is not direct appeal but the post conviction remedies of R.C. 2953.21, which permit an appellant to present evidence of counsel's ineffectiveness at a hearing before the trial court. *Id.*

{¶28} Because a determination of this portion of appellant's claim of ineffective assistance of counsel involves facts outside the record, appellant's argument concerning defense counsel's alleged omissions must fail on direct appeal. *Radel,* supra 2009–Ohio–3543 at ¶ 17.

{¶29} Appellant's first assignment of error is overruled.

II.

{¶30} In his second assignment of error, appellant argues the trial court erred because the sentence he received demonstrates judicial bias. We disagree.

{¶31} "The typical avenue for redress when a party believes that a trial court is biased is to file an affidavit of bias and prejudice with the Supreme Court of Ohio." *State v. Stumph,* 2021-Ohio-723, ¶ 25 (1st Dist.), citing *State v. Loudermilk,* 2017-Ohio-7378, ¶ 18 (1st Dist.). "But where an appellant argues that the trial court's bias impacts the outcome of the case and violates the appellant's due process rights. . . an appellate court has jurisdiction to review the claim of bias." *Id.* at ¶ 20.

{¶32} It is appellant's burden to establish bias on the part of the trial court. A judge is presumed to be impartial, and a party that seeks to establish bias bears the burden of overcoming that presumption. *Coley v. Bagley,* 706 F.3d 741, 751 (6th Cir. 2013). Simply

because the trial judge formed opinions about a defendant and his or her conduct over the course of a trial does not prove the judge was biased against the defendant. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *State v. Morrow*, 2022-Ohio-1089, ¶ 43 (5th Dist.), citing *Liteky v. United States, 5*10 U.S. 540, 555 (1994).

{¶33} Appellant asserts the trial court was biased against him and sentenced him under the belief he was a drug trafficker, even though the jury acquitted him of the trafficking offenses. Appellant points to evidence of the trial court's outrage at the amount of drugs involved. The trial court noted the amount of drugs found in the Airbnb could poison the community and that he was "tired of the dead bodies" from the drug epidemic. T. Sentencing, 13. Appellant also points to the sentence of Rasheid Gabriel, who pled to several counts of trafficking and possession and was sentenced to a shorter term of seven to ten and a half years by a different judge. This argument was raised before the trial court and the judge stated Gabriel's sentence was irrelevant to the instant case. Finally, appellant points to the amount of the fine, which matched the amount of cash seized, as evidence of the trial court's bias, effectively "forfeiting" the cash because appellant was not found guilty upon the forfeiture counts.

{¶34} We have reviewed the record of the case and find that none of the trial court's comments indicate bias. Judicial bias is demonstrated by "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as

contradistinguished from an open state of mind which will be governed by the law and [the] facts." *State v. Jackson*, 2016-Ohio-5488, ¶ 33, *quoting State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. There is no evidence in the record the trial court did not follow the law or the facts of the case, and appellant points to none. As appellee points out, appellant's arguments ignore the facts of the case, including the significant amount of narcotics involved.

{¶35} Instead, appellant's arguments amount to disagreement with his sentence and the fact that it is longer than Gabriel's. "[D]isagreement with a judge's ruling on legal issues and the management of the case are not evidence of bias or prejudice, but rather issues subject to appeal." *Morrow*, supra, 2022-Ohio-1089, ¶ 44 (5th Dist.), citing *King v. Divoky,* 2021-Ohio-1712, ¶ 48 (9th Dist.). "Nor is disagreement with the outcome of the case proof of bias to demonstrate a due process violation." *Id.*

{¶36} The trial court is not expected to ignore the knowledge of the defendant and his conduct which the trial court gained through the course of the trial; the judge may justifiably "be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person," but this knowledge doesn't establish the judge is biased. See, *State v. Haudenschild*, 2024-Ohio-407, ¶ 21 (5th Dist.), *appeal not allowed,* 2024-Ohio-1974. We find appellant has failed to cite compelling evidence that the trial judge was biased or that there was an unconstitutional "potential for bias" that seriously affected the fairness, integrity, or public reputation of the sentencing hearing. *Haudenschild*, supra, ¶ 25.

{¶37} Appellant's second assignment of error is overruled.

## CONCLUSION

{¶38} Appellant's two assignments of error are overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By:  Delaney, P.J.,

Hoffman, J. and

Baldwin, J., concur.